```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JAMES G. KAVANAUGH,                  :
                                     :
     Plaintiff,                      :
                                     :
V.                                   :      CASE NO. 3:11cv1210(DFM)
                                     :
MICHAEL J. ASTRUE, COMMISSIONER      :
SOCIAL SECURITY ADMINISTRATION,      :
                                     :
     Defendant.                      :
```

RULING ON MOTION FOR ATTORNEY'S FEES

Pending before the court is the plaintiff's motion for attorney's fees and costs. (Doc. #20.) The plaintiff seeks an award of $7301.89. The defendant does not object to the plaintiff's motion. See doc. #21. The motion is GRANTED.[1]

This request for attorney's fees follows the court's order remanding the case to the Social Security Administration. Pursuant to sentence four of 42 U.S.C. § 405(g), on February 28, 2012, the defendant filed a motion for remand. The defendant agreed that the case should be remanded and did not object to the motion being granted. (Doc. #16.) On March 2, 2012, the undersigned granted the motion and the case was remanded. (Doc. #17.) Judgment entered. (Doc. #18, 20.)

Because the plaintiff prevailed in the litigation, he is entitled to an award of attorney fees under the Equal Access to

---

[1]This is not a recommended ruling. The parties consented to the jurisdiction of the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). (Doc. #19.)

Justice Act ("EAJA"), 28 U.S.C. § 2412.  Attorney fees are payable to the prevailing party and not to the prevailing party's attorney.  See Astrue v. Ratliff, 130 S. Ct. 2521 (2010).  Such a fee award may be offset to satisfy any pre-existing debt a prevailing party owes the government.  Id.  The Commissioner states that if the plaintiff demonstrates that he has assigned his fee award to his lawyer and owes no debt to the government that is subject to offset, the defendant will make payment directly to plaintiff's counsel. (Doc. #21.)  Based on this representation by the defendant, if those conditions are met, the defendant may make the fee award payment (net of any offset) directly to the plaintiff's counsel.

  SO ORDERED at Hartford, Connecticut this 4th day of May, 2012.


          _____/s/_____
          Donna F. Martinez
          United States Magistrate Judge